IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS, individually and on behalf of similarly situated individuals, <br><br> *Plaintiff,* <br><br> v. <br><br> PLANET FITNESS, INC., a Delaware corporation, PLA-FIT FRANCHISE, LLC, a New Hampshire limited liability company, PF LOGAN SQUARE LLC, an Illinois limited liability company, and PLNFT HOLDINGS, LLC, a Delaware limited liability company <br><br> *Defendants.* | Case No. 20-cv-3335 |

### DEFENDANTS' NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Planet Fitness, Inc., Pla-Fit Franchise, LLC, PF Logan Square LLC, and PLNTF Holdings, LLC (collectively "Defendants") through their undersigned counsel, NIXON PEABODY LLP, hereby gives notice of the removal of this civil action ("Notice") from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. As explained below, this action is subject to the Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because there is sufficient diversity between members of the proposed class and Defendants and the amount in controversy of the aggregated class action claims exceeds $5,000,000.

### OVERVIEW OF CLAIMS AND RELIEF SOUGHT

1.      On May 6, 2020, Plaintiff Jason Williams ("Plaintiff") filed a seven-count, Class Action Complaint with the Circuit Court of Cook County, Illinois, entitled *Williams v. Planet*

1

*Fitness, Inc. et al.*, No. 2020CH004099 (the "State Court Action"). Plaintiff filed the State Court Action individually and on behalf of all other similarly situated Planet Fitness gym club members who were charged membership fees for a period in which Planet Fitness gyms were closed due to novel coronavirus (COVID-19) pandemic. Through the State Court Action, Plaintiff seeks various forms of relief relating to Defendants' decision to temporarily close Planet Fitness gyms in light of the public health crisis and extraordinary circumstances presented by the pandemic. (Compl. ¶¶ 20-23, 33-38). True and correct copies of Plaintiff's Class Action Complaint, Summons, and all other process served on Defendants are attached hereto as **Exhibit A**.

2. More specifically, Plaintiff alleges that, on March 17th, 2020, "Defendants charged many members their monthly membership fee for the billing period of March 17th through April 17th." (Compl. ¶ 20).

3. Plaintiff further alleges that, on March 18th, "Defendant Planet Fitness, Inc. announced that it was closing all of its corporate stores through March 31st in response to the novel coronavirus," and that on March 30th, it "extended its closure and indefinitely suspended the operations of both franchisee and corporate locations." (*Id.* ¶¶ 21-22, 32, 35).[1]

4. Plaintiff alleges that, as is relevant to this action, he has paid up to $49.00 in membership fees (a $39 annual fee, plus a $10 monthly fee) to Defendants for time periods during which the gym at which he is a member was closed, and that Defendants have not provided a pro-rated refund for unused services. (*Id.* ¶¶ 24, 33, 36). He alleges that members of the putative class

---

[1] Plaintiff fails to allege the specific date of closure for the Planet Fitness gym of which he is a member, the gym located at 2719 N. California Avenue, Chicago, Illinois 60647, nor does he allege whether, at any time, he attempted and was denied access to his gym, whether, during the time period of his gym's closure he would have been able to access his gym (given applicable local and state "Stay at Home" orders and other public health directives), or whether he attempted or succeeded in contacting Defendants at any time to request some other dispensation due to the COVID-19 pandemic and the closure of his gym. (Compl. ¶ 35).

were also charged a $39 annual fee, plus a monthly fee of $10 for the classic membership, or $22.99 for the "PF Black Card" membership. (*Id.* ¶ 18).

5. Plaintiff acknowledges that Defendants have announced that members will not be charged additional amounts during the pandemic-related closures, and that members will receive adjustments and credits to their accounts on the next billing cycle when the gyms reopen, but he alleges that Defendants' representations concerning these remedial actions are false, deceptive, and misleading. (*Id.* ¶¶ 24-25, 36, 38).

6. As a result of the closures necessitated by the novel coronavirus, Plaintiff contends that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* (Counts I and II) and the Illinois Physical Fitness Services Act, 815 ILCS 645/1 *et seq.* (Count III), breached their contractual obligations to Plaintiff and the putative class members (Count IV), were unjustly enriched (Count V), and are liable for conversion (Count VI). Plaintiff further seeks a declaratory relief pursuant to the Illinois Declaratory Judgment Act, 735 ILCS 5/2-701 *et seq.* (Count VII).

7. Plaintiff seeks relief on behalf of himself, a defined "Nationwide Class," and a defined "Illinois Subclass." The Nationwide Class is defined as: "[a]ll individuals in the United States who, within the applicable limitations period, were charged membership fees by Defendants for a period in which Defendants' facilities were closed due to COVID-19." (Compl. ¶ 40). The Illinois Subclass is defined as: "[a]ll individuals in the State of Illinois who, within the applicable limitations period, were charged membership fees by Defendants for a period in which Defendants' facilities were closed due to COVID-19." (*Id.*)

8. The common law counts, Counts IV, V, and VI, all seek actual or compensatory damages, and/or restitution, on behalf of Plaintiff and both the Nationwide Class and the Illinois

Subclass, stemming from Defendants allegedly charging membership fees, and failing to refund them, for time periods that Planet Fitness gyms were closed.

9. The Illinois statutory counts, Counts I, II, III, and VII, all seek relief on behalf of Plaintiff and the Illinois Subclass only, based on alleged violations of Illinois law. Among other things, these statutory counts seek an award of actual or compensatory damages, treble damages, injunctive relief, and an award of reasonable attorneys' fees and costs. Count I purports to seek not only a pro rata refund of membership fees charged during the time periods when the Planet Fitness gyms were closed, but also the refund of all membership fees ever charged to members of the Subclass, who "would not have purchased or paid for the memberships that they did," had they "known that Defendants' gym memberships would not have the characteristics, benefits, or qualities" promised. (Compl. ¶ 56). Similarly, Count VII seeks a declaration that "Defendant's membership contracts with Plaintiff and the other members of the Subclass are unlawful and void, and that all monies collected by Defendant pursuant to such contracts shall be disgorged and remitted." (*Id.* ¶ 97.B).

## BASIS FOR SUBJECT MATTER JURISDICTION

10. The CAFA grants the United States District Courts with original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 [and] is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant...." 28 U.S.C. § 1332(d)(2).

11. The CAFA requires that the putative class must have 100 or more class members for the district court to exercise jurisdiction. 28 U.S.C. § 1332(d)(5)(B). Plaintiff seeks to represent a Nationwide Class and an Illinois Subclass. (Compl. ¶ 40.) He alleges that "[t]here are thousands of members of the Class and Subclass such that joinder of all members is impracticable." (*Id.* ¶ 42).

Additionally, he alleges that Planet Fitness has "over 10 million members" in "nearly 2000" fitness centers across the United States. (*Id.* ¶ 2).

12. Removal is proper under 28 U.S.C. §§ 1332 and 1441 in the instant matter because Plaintiff, as class representative, is a citizen of a State different from that of at least one of the Defendants and the amount put in controversy exceeds $5,000,000.

**The Requisite Divergence of Citizenship Is Met:**

13. As stated in Plaintiff's Complaint, Defendants are corporations and limited liability companies headquartered in and organized under the laws of Delaware, New Hampshire, and Illinois. (Compl. ¶¶ 11-14). Defendant Planet Fitness, Inc. is, and was at the time this lawsuit was commenced, a Delaware corporation (state of incorporation) with its corporate headquarters (*i.e.*, its principal place of business) in the State of New Hampshire. (*Id.* ¶ 11). Defendant Planet Fitness, Inc. is therefore a citizen of Delaware and New Hampshire. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters . . . .").

14. Plaintiff is, and was at the time this lawsuit commenced, a "natural person and resident of Illinois." (Compl. ¶ 10).

15. In light of the foregoing, Defendant Planet Fitness, Inc. was not and is not a citizen of the State of Illinois and Plaintiff, the sole class representative, was not and is not a citizen of Delaware or New Hampshire. Therefore, Plaintiff is a "citizen of a State different from any defendant" pursuant to 28 U.S.C. § 1332(d)(2)(A).

**The "Matter In Controversy" Exceeds $5,000,000:**

16. The CAFA further requires that, for United States District Courts to exercise jurisdiction, the matter in controversy must "excee[d] the sum or value of $5,000,000, exclusive of

interest and costs." 28 U.S.C. § 1332(d)(2). When determining the amount in controversy, "the claims of the class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

17. Pursuant to 28 U.S.C. § 1446, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81 (2014). Defendants, therefore, "[do] not need to prove to a legal certainty that the amount in controversy has been met." *Id.* Rather, Defendants must only show facts that suggest the jurisdictional amount in controversy has been satisfied. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence").

18. For his individual claim, Plaintiff seeks recovery of up to $49.00 in monthly and annual membership fees paid to Defendants for use of Planet Fitness facilities closed due to the COVID-19 pandemic. (Compl. ¶¶ 18, 33).

19. Plaintiff further alleges that "Defendant Planet Fitness, Inc. is a franchisor and operator of nearly 2,000 fitness centers across the United states, with over 10 million members." (*Id.* ¶ 2). The Nationwide Class that Plaintiff purports to represent includes "[a]ll individuals in the United States who were charged membership fees by Defendants" or, in other words, all 10 million+ Planet Fitness members. (*Id.* ¶ 42). It is thus plausible, for purposes of removal, and based on Plaintiff's allegations, that he seeks to hold Defendants liable for a refund of the monthly fee charged to each Nationwide class member (either $10 or $22.99 per member) for the March 17 to April 17, 2020 membership period, plus a pro rata refund of the $39 annual fee charged to each Nationwide class member for the time period during which Planet Fitness gyms were closed. A refund of the monthly fee alone to each member of the Nationwide Class would result in an amount in controversy many multiples in excess of the threshold amount required to satisfy CAFA.

20. Moreover, on behalf of the Illinois Subclass, Plaintiff purports to seek the return or disgorgement of all membership fees, since the beginning of each class member's respective membership, for all members of the Illinois Subclass.

21. Furthermore, on behalf of the Illinois Subclass, Plaintiff seeks an award of treble damages and an award of reasonable attorneys' fees and costs. These enhanced damages, fees, and expenses also count toward the jurisdictional amount.

22. Pursuant to Plaintiff's claims for relief, and considering the size of the classes for which he seeks certification, the aggregate claims of the putative class members far exceeds the $5,000,000 threshold under CAFA.[2]

## VENUE

23. Venue lies with this Court pursuant to 28 U.S.C. §§ 1441, 1446(a). Plaintiff commenced this action in the Circuit Court of Cook County, Illinois, which is located within the Eastern District of Illinois. Therefore, the action is properly removed to this Court because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PROCEDURE FOR REMOVAL

24. The earliest date upon which any of the Defendants was served with process was May 7, 2020. Defendants are filing this notice within thirty days from the date that service of the Complaint was made. Therefore, this Notice is timely.

25. Defendants are filing notice of the removal of this action with the Circuit Court of Cook County in accordance with 28 U.S.C. § 1446(d), and will serve notice of the filing of this Notice of Removal to Plaintiff, as further required by that statute.

---

[2] Defendants' assertion that Plaintiff's alleged damages exceed $5,000,000 is based on the Class Action Complaint's allegations and is offered only for purposes of this Notice. Defendants do not admit Plaintiff's allegations (to the contrary, they expressly dispute them), nor do Defendants concede that Plaintiff may pursue his claims outside of arbitration or that his claims are appropriate for treatment on a class basis.

26. Defendants submit this Notice of Removal without waiving their right compel arbitration under the terms of the operative membership agreement, or any defenses to the claims asserted by Plaintiff, and without conceding any factual or legal allegations in the Class Action Complaint, or that the Class Action Complaint pleads any claims upon which relief can be granted, or that any claims are appropriate for class certification.

WHEREFORE, Defendants respectfully request that Plaintiff's claims be removed to federal court pursuant to 28 U.S.C. § 1441.

Dated: June 5, 2020

By: */s/ Richard H. Tilghman*
Attorney for Defendants

Richard H. Tilghman
rhtilghman@nixonpeabody.com
Henry J. Caldwell
hcaldwell@nixonpeabody.com
Nixon Peabody LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602-4283
(312) 977-4400

W. Daniel Deane (*pro hac vice* forthcoming)
ddeane@nixonpeabody.com
Nathan P. Warecki (*pro hac vice* forthcoming)
nwarecki@nixonpeabody.com
Nixon Peabody, LLP
900 Elm Street, 14th Floor
Manchester, NH 03301
(603) 628-4000

## CERTIFICATE OF SERVICE

       The undersigned, an attorney, states that he caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be served on counsel of record listed below via electronic transmission.

                              Myles McGuire
                              mmcguire@mcgpc.com
                              Paul T. Geske
                              pgeske@mcgpc.com
                              Andrew T. Heldut
                              aheldut@mcgpc.com
                              **MCGUIRE LAW, P.C.**
                              55 W. Wacker Drive, 9th Floor
                              Chicago, Illinois 60601


                              /s/ Richard H. Tilghman
                                     Richard H. Tilghman

# EXHIBIT A