**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON WILLIAMS and GUNNAR AMOS, individually and on behalf of similarly situated individuals, | ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 1:20-cv-03335 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| PLANET FITNESS, INC., a Delaware corporation, PLA-FIT FRANCHISE, LLC, a New Hampshire limited liability company, PF LOGAN SQUARE LLC, an Illinois limited liability company, PLNTF HOLDINGS, LLC, a Delaware limited liability company, and PLANET FITNESS FRANCHISING LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

---

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Jason Williams and Gunnar Amos, bring this First Amended Class Action Complaint against Defendants, Planet Fitness, Inc., Pla-Fit Franchise, LLC, PF Logan Square, LLC, PLNTF Holdings, LLC, and Planet Fitness Franchising LLC (collectively, "Defendants"), to stop Defendants from charging their customers fees for gym memberships despite closing all of their gyms nationwide in response to the COVID-19 public health crisis, and to seek redress for those who have been unlawfully charged already. On their own behalf and on behalf of similarly situated individuals, Plaintiffs allege as follows based on personal knowledge as to themselves and their own acts and experiences, and as to all other matters, on information and belief, including an investigation by their attorneys.

1

## NATURE OF THE ACTION

1.     Although life has come to complete standstill for many Americans due to the novel COVID-19 public health crisis, Defendants have unfairly billed their many customers for monthly gym membership fees, despite closing all of their gyms and fitness centers nationwide.

2.     Defendant Planet Fitness, Inc. is a franchisor and operator of nearly 2,000 fitness centers across the United States, with over 10 million members, making it one of the largest fitness club franchises in the country. Its memberships are offered either on a month-to-month basis, where customers pay a fixed fee every month along with an annual membership fee, or a pre-paid amount for a full year.

3.     On March 17, 2020, Defendants charged Plaintiffs and many of their other members a monthly membership fee for the billing period of March 17th through April 17th.

4.     One day later, on March 18, 2020, Defendant Planet Fitness, Inc. announced that it was closing all of its corporate stores through March 31st, urging its franchisees to close as well.[1]

5.     On March 30, 2020, Defendant Planet Fitness, Inc. extended the closure of its facilities and indefinitely suspended the operations of both franchise and corporate locations.[2]

6.     Despite knowing about their forthcoming gym closures and cessation of operations, Defendants charged their many members for monthly membership fees, and Defendants have not refunded their members such fees even while access to Defendants' facilities is still restricted nationwide.

7.     At a time when many consumers are struggling financially and the economy is heading toward a deep recession, Defendants' unlawful practices have unnecessarily and unfairly

---

[1] https://www.bloomberg.com/press-releases/2020-03-18/planet-fitness-provides-update-on-covid-19 <last accessed on 4/29/2020>

[2] https://www.bloomberg.com/press-releases/2020-03-30/planet-fitness-provides-business-update-in-response-to-covid-19 <last accessed on 4/29/2020>

worsened the financial burden that many are experiencing, and caused actual, concrete harm to many individuals throughout the country. Moreover, Plaintiffs and others who have not received refunds have lost the benefit of their bargain and/or suffered out-of-pocket losses due to their inability to access the fitness centers they paid to access.

8.      In order to redress these injuries, Plaintiffs bring this suit on their own behalf and on behalf of a nationwide class of similarly situated individuals, asserting claims against Defendants under the Illinois Physical Fitness Services Act, 815 ILCS 645/1 *et seq.* (the "PFSA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* (the "ICFA"), the Idaho Consumer Protection Act, Idaho Code Ann. § 48-601 *et seq.* (the "ICPA"), as well as claims for breach of contract, unjust enrichment, and conversion. Both individually and on behalf of the putative class members, Plaintiffs seek an award of actual and treble damages; injunctive relief prohibiting Defendants from continuing to unfairly charge fees while their gyms are closed; equitable relief, including the disgorgement of any profits that Defendants derived from their misconduct; an award of reasonable attorneys' fees and costs; and declaratory relief.

## PARTIES

9.      Plaintiff Jason Williams is a natural person and a resident of Illinois.

10.     Plaintiff Gunnar Amos is a natural person and a resident of Idaho.

11.     Defendant Planet Fitness, Inc. is a Delaware corporation with its principal place of business in Hampton, New Hampshire.

12.     Defendant Pla-Fit Franchise, LLC is a New Hampshire limited liability company with its principal place of business in Hampton, New Hampshire.

13.     PF Logan Square LLC is an Illinois limited liability company with its principal place of business in Rosemont, Illinois.

3

14.     Defendant PLNTF Holdings, LLC is a Delaware limited liability company with its principal place of business in Rosemont, Illinois.

15.     Defendant Planet Fitness Franchising LLC is a Delaware limited liability company with its principal place of business in Hampton, New Hampshire.

## JURISDICTION AND VENUE

16.     This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*., because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

17.     The Court may assert personal jurisdiction over Defendants, because Defendants are doing business within this State and transact business within this State such that they have sufficient minimum contacts with Illinois and/or have purposely availed themselves of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendants, and because Plaintiffs' claims arise out of Defendants' unlawful in-state actions.

18.     Venue is proper in this District under 28 U.S.C. § 1391(b), because Defendants reside and maintain offices within this District, and because a substantial part of the events giving rise to claims at issue occurred in this District.

## COMMON FACTUAL ALLEGATIONS

19.     Defendants pride themselves on providing extensive access to their fitness facilities. Their gyms are generally open 24 hours per day during the week and 12 hours per day on weekends.

20.     To become a Planet Fitness member, customers either pay a pre-paid fee for the full year or a monthly membership fee along with an annual fee. Defendants' monthly memberships are generally offered at $10.00 per month for the classic membership and $22.99 per month for the "PF Black Card" membership, each with a $39.00 annual fee.

21.     As part of the sign-up process for Defendants' memberships, customers must provide Defendants payment information, such as a checking account, credit card, and/or debit card number. Defendants automatically charge fees to the provided method of payment on or around the 17th of each month.

22.     On March 17th, Defendants charged many members their monthly membership fee for the billing period of March 17th through April 17th.

23.     One day later, on March 18th, Defendant Planet Fitness, Inc. announced that it was closing all of its corporate stores through March 31st in response to the novel coronavirus, and it urged its franchisees to close as well.

24.     On March 30th, 2020, Defendant Planet Fitness, Inc. extended its closure and indefinitely suspended the operations of both franchise and corporate locations.

25.     Despite their cessation of operations, Defendants have not provided cash refunds to members billed for periods when their fitness centers were and/or remain closed. Instead, Defendants have merely offered to provide a credit to members' next bill or an extension to their existing membership, if and when Defendants' facilities reopen at some indefinite point in the future.

26.     Defendants unilaterally altered their policies and communicated those policies to customers in their "COVID-19 FAQ," stating that they will not refund their members the pro-rated cost of any unused services, but instead "will make an adjustment on your next billing cycle when

we reopen," and "if you have a prepaid membership, the expiration date of your membership will be adjusted by the number of closed days. For example, if we are closed 30 days and your membership was set to end on or about November 30, that membership will be extended to on or about December 30."[3]

27.     Defendants' COVID-19 FAQ also deceptively states that members "will not be charged any fees during this time [of closure]," even though many members have already been charged or prepaid for periods when Defendants' facilities are closed.

28.     Although Defendants knew and anticipated that they would need to close all facilities nationwide due to the COVID-19 pandemic, Defendants nonetheless collected their members' monthly membership fees for billing periods when their facilities were closed and failed to refund their members the pro-rated cost for the period of unused services.

29.     Defendants have engaged in unfair and deceptive conduct by failing to honor the original agreement with their customers (membership fees in exchange for Defendants' services and access to gyms) and unilaterally altering all of their members' contracts while failing to refund the pro-rated cost of any unused services after Defendants ceased operations nationwide.

30.     Defendants' unilateral alteration of the original terms of its membership agreements with its customers not only makes the bargain with such customers illusory, it also burdens consumers by depriving them of needed money during a national pandemic that has already resulted in severe economic and social hardships for many Americans.

31.     Plaintiffs and other customers would not have purchased their gym memberships with Planet Fitness, or would have paid materially less for their memberships, had they known that Defendants would not abide by their end of the bargain.

---

[3] https://www.planetfitness.com/coronavirus-faq <last accessed on 4/29/2020>

32.     Further, Plaintiffs and the other putative class members would not have paid their monthly membership fees or paid in full for the year had they known that Defendants would cease operations while failing to refund membership fees upon the indefinite closure of their facilities. Defendants' customers pay Defendants membership fees in exchange for access and use of their fitness facilities. Absent the ability to access Defendants' facilities, consumers would be unwilling to pay Defendants anything whatsoever for membership.

33.     As a result, Plaintiffs and other putative class members have suffered damages and concrete harm through payment of membership fees for access to facilities that they cannot now access.

## FACTS SPECIFIC TO PLAINTIFF JASON WILLIAMS

34.     Since 2018, Plaintiff Williams has been a member of the Planet Fitness facility located at 2719 N. California Ave., Chicago, IL 60647, and has been a member of this gym at all times relevant to this action.

35.     Plaintiff Williams was offered a month-to-month gym membership for $10.00 per month, with an annual membership fee of $39.00, which would be automatically billed to the payment method that he provided when he enrolled as a member at Defendants' gym. (A true and accurate copy of Plaintiff Williams' Membership Agreement with Defendants is attached hereto as Exhibit A).

36.     On March 17th, 2020, Plaintiff Williams was billed his monthly membership fee in exchange for access to the Planet Fitness gym facility above.

37.     One day later, on March 18th, 2020, Defendants announced their cessation of operations and the closure of their facilities, barring Plaintiff Williams from entry to Defendants' gym.

38.     Despite the closure of Defendants' facilities, Defendants have not provided Plaintiff Williams with a pro-rated refund for unused services; rather, Defendants have offered to provide their members with a future credit for the next billing cycle or an extension to their existing membership term, if and when Defendants choose to reopen.

39.     Defendants' promises and representations that they would provide their customers with access to gym facilities were material to Plaintiff Williams in signing up for Defendants' month-to-month gym membership.

40.     Defendants' representation in their COVID-19 FAQ that members "will not be charged any fees during this time [of closure]," is false, deceptive, and misleading as to Plaintiff Williams and others like him, because Plaintiff Williams and others have already been charged for the billing period of 3/17 – 4/17 while Defendants' facilities are closed

41.     Had Plaintiff Williams known he would not be provided gym services and gym access as promised, he would not have paid for his membership, or would have paid materially less for it. Further, Plaintiff Williams did not receive the benefit of his bargain with Defendants as a result of the closure of Defendants' facilities. Specifically, Plaintiff Williams would not have been willing to pay his monthly membership fees for the 3/17 – 4/17 billing period had he known that Defendants would cease operations just one day later.

### FACTS SPECIFIC TO PLAINTIFF GUNNAR AMOS

42.     Since 2019, Plaintiff Amos has been a member of the Planet Fitness facility located at 200 W Hanley Ave, Coeur d'Alene, ID 83815, and has been a member of this gym at all times relevant to this action.

43.     Plaintiff Amos was offered a month-to-month gym membership for $10.60 per month, with an annual membership fee of $41.34, which would be automatically billed to the

payment method that he provided when he enrolled as a member at Defendants' gym. (A true and accurate copy of Plaintiff Amos' Membership Agreement with Defendants is attached hereto as Exhibit B).

44.     On March 17th, 2020, Plaintiff Amos was billed his monthly membership fee in exchange for access to the Planet Fitness gym facility above.

45.     One day later, on March 18th, 2020, Defendants announced their cessation of operations and the closure of their facilities, barring Plaintiff Amos from entry to Defendants' gym.

46.     Despite the closure of Defendants' facilities, Defendants have not provided a pro-rated refund for unused services; rather, Defendants have offered to provide their members with a future credit for the next billing cycle or an extension to their existing membership term, if and when Defendants choose to reopen.

47.     Defendants' promises and representations that they would provide their customers with access to gym facilities were material to Plaintiff Amos in signing up for Defendants' month-to-month gym membership.

48.     Defendants' representation in their COVID-19 FAQ that members "will not be charged any fees during this time [of closure]," is false, deceptive, and misleading as to Plaintiff Amos and others like him, because Plaintiff Amos and others have already been charged for the billing period of 3/17 – 4/17 while Defendants' facilities are closed

49.     Had Plaintiff Amos known he would not be provided gym services and gym access as promised, he would not have paid for his membership, or would have paid materially less for it. Further, Plaintiff Amos did not receive the benefit of his bargain with Defendants as a result of the closure of Defendants' facilities. Specifically, Plaintiff Amos would not have been willing to

pay his monthly membership fees for the 3/17 – 4/17 billing period had he known that Defendants would cease operations just one day later.

## CLASS ACTION ALLEGATIONS

50.     Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs bring this action on their own behalf and on behalf of a nationwide class (the "Class") with two subclasses (the "Subclasses") defined as follows:

(i)     The Nationwide Class: All individuals in the United States who, within the applicable limitations period, were charged membership fees by Defendants for a period in which Defendants' facilities were closed due to COVID-19.

(ii)    The Illinois Subclass: All individuals in the State of Illinois who, within the applicable limitations period, were charged membership fees by Defendants for a period in which Defendants' facilities were closed due to COVID-19.

(iii)   The Idaho Subclass: All individuals in the State of Idaho who, within the applicable limitations period, were charged membership fees by Defendants for a period in which Defendants' facilities were closed due to COVID-19.

51.     Expressly excluded from the Class and Subclasses are any members of the judiciary assigned to preside over this matter; any officer, director, or employee of Defendants; and any immediate family members of such officers, directors, or employees.

52.     There are thousands of members of the Class and Subclasses such that joinder of all members is impracticable. Although the exact number of members of the Class and Subclasses is presently unavailable to Plaintiffs, the members of the Class and Subclasses can be easily identified through Defendants' membership records.

53.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class and Subclasses. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclasses, and

have the financial resources to do so. Neither Plaintiffs nor their counsel has any interest adverse to those of the other members of the Class or Subclasses.

54. Plaintiffs' claims are typical of the claims of the other members of the Class and Subclasses, in that the factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Class and Subclasses are the same. Plaintiffs and the other members of the Class and Subclasses have all suffered similar harms and damages as a result of Defendants' unlawful and wrongful failure to issue refunds of membership fees.

55. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class and Subclasses, and those questions predominate over any questions that may affect individual members of the Class and Subclasses. Common questions for the Class and Subclasses include, but are not limited to:

 a) Whether Defendants entered into valid contracts with Plaintiffs and the other members of the Class and Subclasses to provide access to Defendants' gyms and fitness centers in exchange for membership fees;

 b) Whether Defendants charged Plaintiffs and other members of the Class and Subclasses membership fees for access to gyms and fitness centers during a time period when such facilities were closed due to COVID-19;

 c) Whether Defendants have unjustly retained and been enriched through such payments from Plaintiffs and the other members of the Class and Subclasses;

 d) Whether Defendants engaged in deceptive conduct with respect to Plaintiffs and the members of the Class and Subclasses by unilaterally altering their contracts;

 e) Whether Defendants' conduct constitutes deceptive or unfair practices in violation of violated ICFA;

f) Whether Defendants' conduct constitutes deceptive or unfair practices in violation of violated ICPA;

g) Whether Defendants' conduct constitutes deceptive or unfair acts in violation of violated PFSA;

h) Whether Defendants' conduct breached their contracts with Plaintiffs and the other members of the Class and Subclasses; and

i) Whether Defendants should be enjoined from engaging in such conduct in the future.

56. Defendants have acted and/or failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class and Subclasses, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclasses, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclasses as a whole.

57. Absent a class action, most members of the Class and Subclasses would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Unless the Class and Subclasses are certified, Defendants will retain the monies they received from the members of the Class and Subclasses as a result of their unfair and deceptive conduct.

58. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

**COUNT I**
**DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**, **815 ILCS 505/2** *et seq.*
**(Against Defendants Planet Fitness, Inc., Pla-Fit Franchise, LLC, PF Logan Square, LLC, and PLNTF Holdings, LLC on behalf of Plaintiff Williams and the other Illinois Subclass members, pled in the alternative to Count VI)**

59.     Plaintiff Williams incorporates by reference all of the allegations in paragraphs 1-41 and 50-58 as though fully set forth herein.

60.     Section 2 of the ICFA provides in relevant part that:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

61.     Plaintiff Williams and the other members of the Illinois Subclass are "consumers" within the meaning of Section 1(e) of the ICFA, because Defendants' business activities involve trade or commerce, are addressed to the market generally, and implicate consumer protection concerns.

62.     Defendants' conduct as described herein is a deceptive practice in violation of Sections 2 of the ICFA. Defendants used or employed deception and misrepresentation in the conduct of trade or commerce by representing that customers would have access to their gyms and fitness centers for a period of time upon paying a membership fee, when Defendants in fact subsequently closed all of their gyms one day after collecting many members' monthly membership fees.

63.     Further, Defendants engaged in deceptive conduct when they unilaterally altered the terms of all of their members' contracts through their polices implemented in response to COVID-19 while refusing to refund the pro-rated cost of any unused services after ceasing operations nationwide.

64.     Defendants' COVID-19 FAQ falsely, deceptively, and misleadingly states that members "will not be charged any fees during this time [of closure]," *see supra* note 3, even though many members have already been charged or prepaid for periods when Defendants' facilities are, were, or continue to remain closed.

65.     Plaintiff Williams and the other members of the Illinois Subclass relied on Defendants to truthfully and accurately collect membership fees only when actually owed, and Defendants intended that Plaintiff Williams and the other members of the Subclass would rely on their representations.

66.     Had Plaintiff Williams and the other members of the Illinois Subclass known that Defendants' gym memberships would not have the characteristics, benefits, or qualities as promised and that Defendants would charge their customers' credit and/or debit cards for non-rendered services, they would not have purchased or paid for the memberships that they did, would have paid materially less, or would not have purchased or paid for the memberships that they did on the same terms.

67.     Plaintiff Williams and the other members of the Illinois Subclass actually relied upon and were deceived by Defendants' misrepresentations, and as a direct and proximate result of Defendants' misconduct, Plaintiff Williams and the other members of the Illinois Subclass have suffered actual damages. These damages are concrete and ascertainable and were proximately caused by Defendants' violations of the ICFA.

68.     Plaintiff Williams brings claims under this count on his own behalf and on behalf of the other members of the Illinois Subclass pursuant to Section 10a of the ICFA, which permits Plaintiff Williams to bring a private cause of action for the above violations and entitles Plaintiff

14

Williams and the other members of the Illinois Subclass to actual damages, injunctive relief, as well as costs and reasonable attorney's fees.

WHEREFORE, Plaintiff Williams, on behalf of himself and the other members of the Illinois Subclass, prays for the following relief:

A.  An order certifying the Illinois Subclass as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

B.  An award of actual or compensatory damages in an amount to be determined at trial;

C.  Injunctive relief prohibiting Defendants' unfair and deceptive practices as described herein;

D.  An award of reasonable attorney's fees and costs; and

E.  Such further and other relief the Court deems reasonable and just.

**COUNT II**
**UNFAIR ACTS OR PRACTICES IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/2 *et seq.***
**(Against Defendants Planet Fitness, Inc., Pla-Fit Franchise, LLC, PF Logan Square, LLC, and PLNTF Holdings, LLC on behalf of Plaintiff Williams and the other Illinois Subclass members, pled in the alternative to Count VI)**

69.  Plaintiff Williams incorporates by reference all of the allegations in paragraphs 1-41 and 50-68 as though fully set forth herein.

70.  In addition to being deceptive, Defendants' conduct also constitutes an "unfair practice" under Section 2 of the ICFA.

71.  By charging consumers for services that were unavailable and unobtainable—and then failing to provide refunds for services not rendered—Defendants' actions unfairly imposed additional, unlawful costs on Plaintiff Williams and the other members of the Subclass.

72. Specifically, although Defendants knew, reasonably should have known, and/or anticipated that they would need to close all facilities nationwide in response to the COVID-19 pandemic, Defendants nonetheless collected their members' membership fees for billing periods when their facilities were closed and failed to refund their members the pro-rated cost for the period of unused services.

73. By imposing unlawful costs on Plaintiff Williams and the other members of the Illinois Subclass, Defendants' conduct is immoral, oppressive, unethical, and unscrupulous, and has caused substantial injury to consumers.

74. As a direct and proximate result of Defendants' misconduct, Plaintiff Williams and the other members of the Illinois Subclass have suffered concrete harm and actual damages as described above.

75. Plaintiff Williams brings claims under this count on his own behalf and on behalf of the other members of the Illinois Subclass pursuant to Section 10a of the ICFA, which permits Plaintiff Williams to bring a private cause of action for the above violations and entitles Plaintiff Williams and the other members of the Illinois Subclass to actual damages, injunctive relief, as well as costs and reasonable attorney's fees.

WHEREFORE, Plaintiff Williams, on behalf of himself and the other members of the Illinois Subclass, prays for the following relief:

     A. An order certifying the Illinois Subclass as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

     B. An award of actual or compensatory damages in an amount to be determined at trial;

C.      Injunctive relief prohibiting Defendants' unfair and deceptive practices as described herein;

D.      An award of reasonable attorney's fees and costs; and

E.      Such further and other relief the Court deems reasonable and just.

**COUNT III**
**VIOLATION OF THE ILLINOIS PHYSICAL FITNESS SERVICES ACT, 815 ILCS 645/1 *et seq.* (Against Defendants Planet Fitness, Inc., Pla-Fit Franchise, LLC, PF Logan Square, LLC, and PLNTF Holdings, LLC on behalf of Plaintiff Williams and other Illinois Subclass members, pled in the alternative to Count VI)**

76.      Plaintiff Williams incorporates by reference all of the allegations in paragraphs 1-41 and 50-75 as though fully set forth herein.

77.      Defendants' membership contracts with the Illinois Subclass members are governed by and subject to the Illinois Physical Fitness Services Act, 815 ILCS 645/1 *et seq*.

78.      Defendants' clubs are "physical fitness centers," as defined in Section 2(a) of the PFSA, and their memberships and services are "physical fitness services" as defined in Section 2(b).

79.      Section 4 of the PFSA provides, in relevant part, that "[e]very contract for physical fitness services shall be in writing" and that "all provisions, requirements and prohibitions which are mandated by this Act shall be contained in the written contract before it is signed by the customer."

80.      Section 9(c) of the PFSA provides in relevant part that "any contract for physical fitness services which does not comply with the applicable provisions of this Act shall be void and unenforceable."

81.      Defendants' conduct as to the Illinois Subclass members does not comply with the PFSA in at least the following ways:

- Defendants' contracts purport to require members to arbitrate complaints or disputes with Defendants, (Exh. A ¶ 3(j)), when the PFSA guarantees a private cause of action, 815 ILCS 645/11;

- Defendants' contracts purport to limit any recovery of damages against Defendants to actual or compensatory damages, (*id.* ¶ 10), when the PFSA allows individuals to recover treble damages, 815 ILCS 645/11;

- Defendants unilaterally altered their contractual obligations without a new written contract or written amendment, indefinitely closed all of their facilities, and adopted a policy under which they will provide a future credit or extension to existing memberships at some indefinite point in the future when they reopen, without members' assent and without the execution of a new contract, 815 ILCS 645/4; and

- Defendants unlawfully engaged in unfair and deceptive acts or practices as described above, 815 ILCS 645/10(a).

82. As a direct and proximate result of Defendants' misconduct, Plaintiff Williams and the members of the Illinois Subclass have concrete harm, including actual monetary damages.

83. Plaintiff Williams brings claims under this count on his own behalf and on behalf of the other members of the Illinois Subclass pursuant to Section 11 of the PFSA, which provides that "[a]ny customer injured by a violation of this Act may bring an action for the recovery of damages. Judgment may be entered for 3 times the amount at which the actual damages are assessed, plus costs and reasonable attorneys' fees." 815 ILCS 645/11.

WHEREFORE, Plaintiff Williams, on behalf of himself and the other members of the Illinois Subclass, prays for the following relief:

A.    An order certifying the Illinois Subclass as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

B.    An award of actual or compensatory damages in an amount to be determined at trial;

C.    An award of damages equal to 3 times the amount at which the actual damages are assessed;

D.    Injunctive relief prohibiting Defendants' unfair and deceptive practices as described herein;

E.    An award of reasonable attorney's fees and costs; and

F.    Such further and other relief the Court deems reasonable and just.

## COUNT IV
### DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT, Idaho Code Ann. § 48-601 *et seq.*
**(Against Defendants Planet Fitness, Inc. and Planet Fitness Franchising LLC on behalf of Plaintiff Amos and the other Idaho Subclass members, pled in the alternative to Count VI)**

84.    Plaintiff Amos incorporates by reference all of the allegations in paragraphs 1-33 and 42-58 as though fully set forth herein.

85.    Under the ICPA, it is unlawful to "engag[e] in any act or practice which is [ ] misleading, false, or deceptive to the consumer." Idaho Code Ann. § 48-603(17).

86.    Defendants Planet Fitness, Inc. and Planet Fitness Franchising LLC are "persons" engaged in "trade or commerce" as defined under Section 48-602 of the ICPA.

87.    Defendants' conduct as described herein is a deceptive practice in violation of the ICPA, because Defendants misrepresented that customers would have access to their gyms and fitness centers for a period of time upon paying a membership fee, when Defendants in fact

subsequently closed all of their gyms one day after collecting many members' monthly membership fees on March 18, 2020.

88.     Further, Defendants engaged in deceptive conduct when they unilaterally altered all of their members' contracts through their polices implemented in response to COVID-19 while refusing to refund the pro-rated cost of any unused services after ceasing operations nationwide.

89.     Defendants' COVID-19 FAQ falsely, deceptively, and misleadingly states that members "will not be charged any fees during this time [of closure]," *see supra* note 3, even though many members have already been charged or prepaid for periods when Defendants' facilities are closed.

90.     Plaintiff Amos and the other members of the Idaho Subclass relied on Defendants to truthfully and accurately collect membership fees only when actually owed, and Defendants intended that Plaintiff Amos and the other members of the Idaho Subclass would rely on their representations.

91.     Had Plaintiff Amos and the other members of the Idaho Subclass known that Defendants' gym memberships would not have the characteristics, benefits, or qualities as promised and that Defendants would charge their customers' credit and/or debit cards for non-rendered services, they would not have purchased or paid for the memberships that they did, would have paid materially less, or would not have purchased or paid for the memberships that they did on the same terms.

92.     Plaintiff Amos and the other members of the Idaho Subclass actually relied upon and were deceived by Defendants' misrepresentations, and as a direct and proximate result of Defendants' misconduct, Plaintiff Amos and the other members of the Idaho Subclass have

20

suffered actual damages. These damages are concrete and ascertainable and were proximately caused by Defendants' violations of the ICPA.

93.     Plaintiff Amos brings claims under this count on his own behalf and on behalf of the other members of the Idaho Subclass pursuant to Idaho Code Ann. § 48-608, which permits Plaintiff Amos to bring a private cause of action for the above violations and entitles Plaintiff Amos and the other members of the Idaho Subclass to an award of actual damages, injunctive relief, restitution and disgorgement, as well as costs and reasonable attorney's fees.

WHEREFORE, Plaintiff Amos, on behalf of himself and the other members of the Idaho Subclass, prays for the following relief:

A.      An order certifying the Idaho Subclass as defined above, appointing Plaintiff Amos as class representative, and appointing Plaintiff's counsel as class counsel;

B.      An award of actual or compensatory damages in an amount to be determined at trial;

C.      An order requiring Defendants to pay restitution to Plaintiff Amos and the Idaho Subclass members in an amount to be determined at trial;

D.      An award of punitive damages;

E.      Injunctive relief or other equitable relief prohibiting Defendants' unfair and deceptive practices as described herein;

F.      An award of reasonable attorney's fees and costs; and

G.      Such further and other relief the Court deems reasonable and just.

**COUNT V**
**UNFAIR ACTS OR PRACTICES IN VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT**, **Idaho Code § 48-603** *et seq.*
**(Against Defendants Planet Fitness, Inc. and Planet Fitness Franchising LLC, on behalf of Plaintiff Amos and the other Idaho Subclass members, pled in the alternative to Count VI)**

21

94.     Plaintiff Amos incorporates by reference all of the allegations in paragraphs 1-33, 42-58, and 84-93 as though fully set forth herein.

95.     In addition to being deceptive, Defendants' conduct also constitutes an "unfair practice" under the ICPA.

96.     By charging consumers for services that were unavailable and unobtainable—and then failing to provide refunds for services not rendered—Defendants' actions unfairly imposed additional, unlawful costs on Plaintiff Amos and the other members of the Idaho Subclass.

97.     Specifically, although Defendants knew, reasonably should have known, and/or anticipated that they would need to close all facilities nationwide in response to the COVID-19 pandemic, Defendants nonetheless collected their members' monthly membership fees for billing periods when their facilities were closed and failed to refund their members the pro-rated cost for the period of unused services.

98.     By imposing unlawful costs on Plaintiff Amos and the other members of the Idaho Subclass, Defendants' conduct is immoral, oppressive, unethical, and unscrupulous, and has caused substantial injury to consumers.

99.     As a direct and proximate result of Defendants' misconduct, Plaintiff Amos and the other members of the Idaho Subclass have suffered concrete harm and actual damages as described above.

100.    Plaintiff Amos brings claims under this count on his own behalf and on behalf of the other members of the Idaho Subclass pursuant to Idaho Code Ann. § 48-608, which permits Plaintiff Amos to bring a private cause of action for the above violations and entitles Plaintiff Amos and the other members of the Idaho Subclass to an award of actual damages, injunctive relief, restitution and disgorgement, as well as costs and reasonable attorney's fees.

WHEREFORE, Plaintiff Amos, on behalf of himself and the other members of the Idaho Subclass, prays for the following relief:

A.    An order certifying the Idaho Subclass as defined above, appointing Plaintiff Amos as class representative, and appointing Plaintiff's counsel as class counsel;

B.    An award of actual or compensatory damages in an amount to be determined at trial;

C.    An order requiring Defendants to pay restitution to Plaintiff Amos and the Idaho Subclass members in an amount to be determined at trial;

D.    An award of punitive damages;

E.    Injunctive relief or other equitable relief prohibiting Defendants' unfair and deceptive practices as described herein;

F.    An award of reasonable attorney's fees and costs; and

G.    Such further and other relief the Court deems reasonable and just.

**COUNT VI**
**COMMON LAW BREACH OF CONTRACT**
**(Against all Defendants on behalf of Plaintiffs, the Nationwide Class, and the Illinois and Idaho Subclasses, pled in the alternative to Counts I, II, III, IV, V and IX)**

101.    Plaintiffs incorporate by reference all of the allegations in paragraphs 1 – 58 as though fully set forth herein.

102.    Plaintiffs and the other members of the Class and Subclasses entered into valid contracts with Defendants when they enrolled in their respective memberships.

103.    The contracts between Plaintiffs and the other members of the Class and Subclasses and Defendants are supported by bargained-for consideration and are entered into between Plaintiffs and the other members of the Class and Subclasses and Defendants following offer and acceptance of the definite and certain terms in the membership agreements. (*See, e.g.*, Exhs. A, B).

104.    Under Defendants' agreements with Plaintiffs and the other members of the Class and Subclasses, Defendants promised Plaintiffs and the other members of the Class and Subclasses that they would be able to access Defendants' gyms and fitness facilities during times when they were open, and that Plaintiffs and the other members of the Class and Subclasses would only be charged for services rendered. (*Id.*).

105.    Plaintiffs and the other members of the Class and Subclasses complied with all of the terms of their contracts with Defendants and satisfied all conditions and duties for the transactions at issue.

106.    Defendants nonetheless breached their contracts with Plaintiffs and the other members of the Class and Subclasses by continuing to charge their credit and debit cards while their gyms remain closed and implementing a COVID-19 FAQ policy that provides their members with a credit in the next billing cycle, if and when Defendants choose to open, or, for those that have pre-paid for the service, an extension by the number of days the facilities were closed for, in violation of Defendants' original bargain with Plaintiffs and the other members of the Class and Subclasses. *See supra* note 3.

107.    As a direct and proximate result of Defendants' breaches of their agreements with Plaintiffs and the other members of the Class and Subclasses, Plaintiffs and the other members of the Class and Subclasses have suffered actual, concrete harm and are entitled to recover compensatory and consequential damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs, on behalf of themselves and the other members of the Class and Subclasses, pray for the following relief:

A.    Entry of an order certifying the Class and Subclasses as defined above, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

B.    An award of actual or compensatory damages in an amount to be determined at trial; and

C.    Such further and other relief the Court deems reasonable and just.

**COUNT VII**
**COMMON LAW UNJUST ENRICHMENT**
**(Against all Defendants on behalf of Plaintiffs, the Nationwide Class, and the Illinois and Idaho Subclasses, pled in the alternative to Count VI)**

108.    Plaintiffs incorporate by reference all of the allegations in paragraphs 1-100 as though fully set forth herein.

109.    As explained above, Defendants advertised, promoted, and sold gym memberships to Plaintiffs and the other Class members in exchange for payment of membership fees.

110.    By charging members for membership fees even during times when access to Defendants' facilities was completely restricted, and by failing to refund such fees, Defendants have retained a benefit to the detriment of Plaintiffs and the other Class and Subclasses members. This benefit is measurable by the money that Plaintiffs and the other Class and Subclasses members have paid in membership fees while Defendants' gyms and fitness centers are and remain closed.

111.    Defendants have thus been unjustly enriched, and it would be unjust to allow Defendants to retain the enrichment.

112.    Defendants' retention of this benefit violates fundamental principles of justice, equity, and good conscience.

113.    Plaintiffs and the other members of the Class and Subclasses are therefore entitled to restitution in the amount by which Defendants have been unjustly enriched and an order requiring Defendants to disgorge any profits or other benefit they have retained.

114.    WHEREFORE, Plaintiffs, on behalf of themselves and the other members of the Class and Subclasses, pray for the following relief:

> A.    Entry of an order certifying the Class and Subclasses as defined above, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

> B.    Entry of an order requiring Defendants to disgorge all amounts by which they were unjustly enriched and to pay restitution to Plaintiffs and the other members of the Class and Subclasses in an amount to be determined at trial;

> C.    Such further and other relief the Court deems reasonable and just.

## COUNT VIII
## COMMON LAW CONVERSION
**(Against all Defendants on behalf of Plaintiffs, the Nationwide Class, and the Illinois and Idaho Subclasses)**

115.    Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

116.    Plaintiffs and the members of the Class and Subclasses had a right to retain their membership fees while all of Defendants' gyms were and remain closed. Defendants have intentionally charged Plaintiffs' and Class and Subclasses members' credit and/or debit cards in the full amount of the monthly membership fees while Defendants' gyms were closed.

117.    Plaintiffs and the other members of the Class and Subclasses did not consent to Defendants charging their checking accounts, debit cards, and/or credit cards while Defendants'

gyms are closed and thus Plaintiffs and the Class and Subclasses members were harmed through the unauthorized amounts withdrawn.

WHEREFORE, Plaintiffs, on behalf of themselves and the other members of the Class and Subclasses, pray for the following relief:

A.    An order certifying the Class and Subclasses as defined above, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

B.    An award of actual or compensatory damages in an amount to be determined at trial; and

C.    Such further and other relief the Court deems reasonable and just.

## COUNT IX
## DECLARATORY JUDGMENT, 28 U.S.C. § 2201
**(Against all Defendants on behalf of Plaintiffs, the Nationwide Class, and the Illinois and Idaho Subclasses, pled in the alternative to Count VI)**

118.    Plaintiffs incorporate by reference all of the allegations in paragraphs 1 – 100 as though fully set forth herein.

119.    28 U.S.C. § 2201(a) provides in relevant part that:

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree . . . .

120.    There is an actual, concrete, and present controversy between Plaintiffs and the Class and Subclass members on the one hand and Defendants on the other regarding the validity and enforceability of certain terms and provisions of Defendants' membership contracts, including terms purporting to require any Illinois Subclass members to arbitrate claims against Defendants in violation of the PFSA and applicable law.

121.     As explained above, Plaintiffs' and the other Class and Subclass members' legal interests are adverse to Defendants' legal interests, because Defendants engaged in unfair and deceptive acts or practices, unlawfully withdrew payments for services that were never rendered, unilaterally altered their agreements with Plaintiffs and the other Class and Subclass members, and failed to provide a cash refund of monies they were not entitled to.

122.     The PFSA provides that "[a]ny contract for physical fitness services which does not comply with the applicable provisions of [the PFSA] shall be void and unenforceable," and "[a]ny waiver by the customer of the provisions of this Act shall be void and unenforceable." 815 ILCS 645/9(b), (c).

123.     Similarly, the ICPA provides that "[a]ny person who purchases . . . services and thereby suffers any ascertainable loss of money or property . . . as a result of the use or employment by another person of a method, act or practice declared unlawful by this chapter, may treat any agreement incident thereto as voidable . . . ." Idaho Code Ann. § 48-608(1).

124.     The terms of Defendants' membership contracts challenged above—including the arbitration provision in Plaintiff Williams's membership contract—contradict the PFSA, and Defendants' conduct as described herein violates the PFSA and the ICPA.

125.     Because the challenged terms of Defendants' membership contracts were entered into, carried out, or unilaterally modified in violation of common law and state statutes designed to protect the public, the challenged terms offend public policy, and the challenged terms are void (or voidable) and unenforceable.

126.     The validity and the enforceability of the challenged terms in Defendants' membership contracts are justiciable and are proper subjects for declaratory relief. The Court's

determination of this issue will aid in the termination of the controversy between Plaintiffs and the other Class and Subclass members and Defendants.

127. WHEREFORE, Plaintiffs, on behalf of themselves and the other members of the Class and Subclasses, pray for the following relief:

A. An order certifying the Class and Subclasses as defined above, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

B. A declaration that Defendants' membership contracts with Plaintiffs and the other members of the Class and Subclasses are unlawful and void or voidable, and that all monies collected by Defendants pursuant to such contracts shall be disgorged and remitted.

C. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: July 31, 2020

JASON WILLIAMS & GUNNAR AMOS, individually and on behalf of a Class and Subclasses of similarly situated individuals

By: /s/ Andrew Heldut_____
*One of Plaintiffs' Attorneys*

Myles McGuire
Paul T. Geske
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class and Subclasses*